IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CITIGROUP GLOBAL MARKETS INC.,

                    Petitioner,

  -against-

OMER ALI-TAHA,

                    Respondent.
--------------------------------------------------------------------x

Civil Action No.:

**PETITION TO CONFIRM THE ARBITRATION AWARD**

Petitioner, Citigroup Global Markets Inc. ("Citi"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, applies to this Court for an Order confirming the arbitration award entered in its favor against Respondent.

**PARTIES, JURISDICTION AND VENUE**

1. Respondent, Omer Ali-Taha, was a financial advisor for Citi's Private Wealth Management Division in Fairfax, Virginia, and at all times during his employment, resided in Fairfax County, VA.

2. Petitioner is a New York corporation with its principal place of business located in the City, County, and State of New York. Claimant is in the business of securities brokerage and the provision of other financial services.

3. Jurisdiction and venue in the Southern District of New York is proper because Petitioner's principal place of business is in New York, New York; Respondent, now and at all times during his employment resided in the County of Fairfax, Commonwealth of Virginia; and the amount in controversy exceeds the $75,000.00 Dollar threshold, as such there is proper diversity jurisdiction under 28 U.S.C. § 1332.

**THE ARBITRATION AWARD**

4. Citi seeks to confirm the arbitration award dated April 12, 2021 (the "Award") against Respondent, which was entered by FINRA Dispute Resolution Service [hereinafter "FINRA"]. *See* Exhibit "A." The Award orders Respondent to pay to Citi compensatory damages, pre-judgment interest, and attorneys' fees for breach of contract.

5. The Award arose out of Citi's attempt to enforce a Settlement Agreement and Release it entered into with Respondent, which allowed Respondent to repay monies owed to Citi as a result of a prior FINRA award.

6. On or about May 26, 2017, Respondent executed and delivered the Settlement Agreement and Release [the "Settlement Agreement"] setting forth the payment terms agreed to

by the parties. See Exhibit "B." This initial award granted Citi funds owed on a promissory note signed by Respondent in its favor.

7. Pursuant to the terms of the Settlement Agreement, Respondent agreed to repay Citi the principal amount due pursuant to the promissory note or the amount of $133,333.33 ["Settlement Sum"] by making an initial payment of $3,000.00, followed by gradually increasing monthly payments, starting at $500.00 per month and increasing to $2,000 per month over a period of 96 consecutive months, and one final payment, on or before December 1, 2024, in the amount of $25,333.33. *See* Exhibit "B," Settlement Agreement, at pp 1-2.

8. Respondent remitted payments to Citi in the total amount of $9,500.00 from the period of June 2017 through July 2018. Despite several default notices sent to Respondent by Citi, and an attempt to agree to forbear on payments, which agreement Respondent never signed, Respondent failed to make any payments pursuant to the Settlement Agreement thereafter.

9. Despite Petitioner's demands for payment, Respondent failed and/or refused to pay the outstanding balance owed pursuant to the Settlement Agreement.

10. On or about October 26, 2020, Petitioner filed a Statement of Claim with FINRA. *See* Exhibit "C."

11. Respondent was properly served pursuant to FINRA Rules for Industry Disputes. Additionally, to ensure that Respondent was served with the Statement of Claim and all necessary information to contact FINRA, on or about March 2, 2021, Petitioner also sent copies of all documents to Respondent via UPS Overnight service. *See* Exhibit "D."

12. Despite several notices to Respondent, Respondent failed to appear, file an Answer, or otherwise move in the Arbitration.

13. On March 13, 2021, Citi made a motion for the Arbitration to proceed pursuant to FINRA's default proceeding rules. The Director of Arbitration granted Citi's request on or about March 23, 2021, and the Arbitration was decided on the papers and materials submitted by Citi along with additional evidence requested by the Arbitrator.

14. On or about April 12, 2021, Arbitrator Geoffrey Drucker issued the Award in favor of Petitioner on its claim for breach of contract, awarding Citi the amount of One Hundred Twenty Three Thousand Eight Hundred Thirty Three and 00/100 ($123,833.00) Dollars. The Arbitrator also awarded to Citi interest due on the outstanding balance, in the amount of $5,818.93 and attorneys' fees to Citi in the amount of Thirty Two Thousand Seventy Five and 50/100 ($32,075.50) Dollars, after Citi provided a supporting affidavit and documentation.

15. On April 13, 2021, FINRA sent a Notice to Respondent of the final Award, which ordered Respondent to pay the full award amount, or One Hundred Sixty Two Thousand Twenty Seven and 76/100 ($162,027.76) Dollars, which included reimbursement of a $300 FINRA fee paid by Petitioner, within thirty (30) days of receipt of the Award. *See* Exhibit "E."

16. To date, the Respondent has paid no part of the Award, despite due demand therefore.

**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITION TO CONFIRM ARBITRATION AWARD**

17. This Petition is brought within one (1) year after the aforementioned Award, pursuant to 9 U.S.C. § 9, and that Award has not been vacated or modified to date.

18. According to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, "any party to the arbitration may apply to the court . . . for an order confirming the Award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title."

19. Section 10 of the FAA permits vacatur of an arbitration award in four narrowly construed circumstances:

> (1) Where the award was procured by corruption, fraud, or undue means;
>
> (2) Where there was evidence of partiality or corruption in the arbitration;
>
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;
>
> (4) Where the arbitrators exceed their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The grounds to vacate arbitration awards under the FAA are very narrow as the FAA supports a 'strong presumption in favor of enforcing arbitration awards ... the policy of the FAA requires that the award be enforced unless one of those grounds is affirmatively shown to exist.'" *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (*quoting Wall Street Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 848 (2d Cir. 1994)), *see also, Hoai Ngo v. Oppenheimer & Co.*, 444 F. Supp. 3d 628, 633 (S.D.N.Y. 2020).

20. Section 11 of the FAA permits modification of an arbitration award in three situations:

> (1) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

(2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;

(3) Where the award is imperfect in matter of form not affecting the merits of the controversy.

21. Nothing in the Award or in the arbitration hearing record reflects that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evidence of partiality or corruption in the arbitration; (3) the arbitrators were guilty of misconduct, such as refusing to postpone the hearing, or refusing to hear material evidence to the controversy; or (4) the arbitrators exceed their powers. *See* 9 U.S.C. § 10.  Further, there is no evidence that: (1) there was a material miscalculation of figures or material mistake in description of anyone or anything in the Award; (2) the arbitrators issued the Award on a matter not submitted to them; or (3) the Award is imperfect in form.

22. Accordingly, there are no grounds for vacatur or modification of the Award, and absent such grounds, the court must confirm the award.

## THE COURT MUST CONFIRM THE AWARD

23. Pursuant to 9 U.S.C. § 9, Citi is entitled to a Judgment of the Court being entered confirming the Award.

**WHEREFORE,** Petitioner Citi requests that a judgment be entered in the amount of $162,027.76, confirming the April 13, 2021 FINRA Arbitration Award rendered in favor of the Petitioner, Citigroup Global Markets Inc., and against the Respondent, Omer Ali-Taha, plus interest at the legal judgment rate from the date of the Award, and for such other and further

relief as this Court may deem just, proper and equitable, along with the costs and disbursements of this proceeding.

Dated: May 19, 2021

                                          ALONSO, ANDALKAR & FACHER, P.C.

By:_____
      Catania Facher
      Erin MacAvoy
   *Attorneys for Petitioner*
   42 Broadway, Suite 1827
   New York, New York 10004
   (212) 598-5900